UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Andrew John Breda, Jr., | |
| Plaintiff, | Civil No. 3:24-cv-01031 (TOF) |
| v. | |
| John Doe and Jane Doe, | |
| Defendants. | June 24, 2024 |

**RULING AND ORDER ON
MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS***

**I.   Introduction**

As a civil litigant, Andrew Breda would ordinarily be expected to prepay filing and administrative fees totaling $405 to commence a suit.  *See* 28 U.S.C. § 1914.  The issue, here, is whether Mr. Breda may be afforded leave to proceed *in forma pauperis*, without the prepayment of the filing fee.  *See* 28 U.S.C. § 1915.  Pursuant to 28 U.S.C. § 1915(b), a prisoner proceeding *in forma pauperis* remains "required to pay the full amount of a filing fee;" *in forma pauperis* status allows the plaintiff to pay the filing fee over time, from available funds in his trust account.

**II.   Legal Standard**

To proceed *in forma pauperis*, a plaintiff must meet several procedural requirements.  In the prison context, the plaintiff must provide the court with his application forms, an affidavit "that includes a statement of all assets such prisoner possesses," and a "certified copy of the trust fund account statement" documenting his account balance for the six-month period preceding the complaint.  28 U.S.C. § 1915(a).

Turning now to the substantive requirements, courts often grant *in forma pauperis* status to a claimant if his application demonstrates he cannot pay the filing fee while still being able to afford his basic necessities. The Supreme Court has held that a litigant is "unable to pay" the filing fees under 28 U.S.C. § 1915(a) when the applicant demonstrates he "cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (internal quotations omitted). For inmates, courts "may not simply presume that, because incarceration provides food and lodging, the movant does not need any financial resources to secure necessities." *Rosa v. Doe*, 86 F.4th 1001, 1010 (2d Cir. 2023) (finding the plaintiff unable to pay when his inmate account had an average account balance of $601.64). Thus, a claimant need not be "absolutely destitute to enjoy the benefit of the statute." *Adkins*, 335 U.S. at 339; *see also Potnick v. E. State Hosp.*, 701 F.2d 243, 244 (2d Cir. 1983) ("[N]o party must be made to choose between abandoning a potentially meritorious claim or foregoing the necessities of life.").

28 U.S.C. § 1915(e)(2)(A) instructs the court to dismiss a case if the court determines "the allegation of poverty is untrue." Thus, courts must "police against fraudulent, false, and misleading *in forma pauperis* applications." *Bell v. Gray*, No. 20 Civ. 1588 (JPC) (SLC), 2022 U.S. Dist. LEXIS 179297, at *6 (S.D.N.Y. Sept. 30, 2022). Courts in the Second Circuit have found the dismissal of a plaintiff's claim to be appropriate where financial misrepresentation occurs in "bad faith" to obtain *in forma pauperis* status. *See, e.g., Vann v. Comm'r of the N.Y. City Dep't of Corr.*, 496 F. App'x 113, 115 (2d Cir. 2012) (affirming a dismissal where an inmate omitted $2,509.10 in deposits from his *in forma pauperis* application); *Waters v. King*, No. 11 Civ. 3267 (JMF), 2012 U.S. Dist. LEXIS 72882, at *3 (S.D.N.Y. May 24, 2012) (dismissing the

2

plaintiff's complaint after he "misrepresented his assets by omitting [a] $600 settlement check from his IFP application"). However, "not every inaccuracy in an affidavit of poverty . . . should be construed as a false allegation of poverty," and warrant dismissal of the complaint. *Waters*, 2012 U.S. Dist. LEXIS 72882, at *3 (quoting *Camp v. Oliver*, 798 F.2d 434, 438 n.3 (11th Cir. 1986)). Therefore, courts have found that the "central question" is "not the accuracy of every specific representation made by [the] [p]laintiff in support of his application . . . but whether [the] [p]laintiff's allegation of poverty is untrue." *Hobbs v. County of Westchester*, No. 00 Civ. 8170 (JSM), 2002 U.S. Dist. LEXIS 8029, at *4 (S.D.N.Y. May 3, 2002) (internal quotations omitted); *Waters*, 2012 U.S. Dist. LEXIS 72882, at *7; *Bell*, 2022 U.S. Dist. LEXIS 179297, at *7. Moreover, dismissal is a "harsh remedy, not to be utilized without a careful weighing of its appropriateness . . . [and] only when [the court] is sure of the impotence of lesser sanctions." *Emiabata v. Bartolomeo*, No. 3:21-cv-00776 (OAW), 2022 WL 4080348, at *4 (D. Conn. Jan. 3, 2022) (internal quotations omitted) (quoting *Dodson v. Runyon*, 86 F.3d 37, 39 (2d Cir. 1996)).

**III.   Discussion**

In this case, Mr. Breda has fulfilled the procedural requirements to proceed *in forma pauperis*. He has provided the court with a complete application, including a financial affidavit and a certified copy of his trust account statement. His trust account statement does not cover all six months immediately preceding his complaint, but that is because his current incarceration did not begin until April 1, 2024.

The court now turns to the substantive criteria required to qualify for *in forma pauperis* status. Mr. Breda's trust account balance is currently $90.56, and his account balance never exceeded $274.91 from April 5, 2024, to June 5, 2024, the time in which Mr. Breda was in prison

3

for the period six months preceding his complaint. ECF No. 3. Mr. Breda stated that he possesses neither a checking or savings account, nor any tangible assets. *Id.* He qualifies financially for *in forma pauperis* status.

In his financial affidavit to proceed *in forma pauperis*, Mr. Breda represented under penalty of perjury that over the past twelve months, he has not received money from any sources. *Id.* However, Mr. Breda's trust account reveals that he receives deposits ranging from $15 to $100 several times per month. *Id.* Thus, while his claim to be a poor person appears to be true, one of the statements in his affidavit is not.

An untrue statement to the court is a serious matter, and this court will not let it pass without comment. The question before the court is what sanction to impose, where a denial of the plaintiff's *in forma pauperis* status could have the practical effect of dismissing his case. The court finds that unlike in *Vann* and *Waters*, the plaintiff's misrepresentations in this case do not amount to a false allegation of poverty, because Mr. Breda was not able to pay $405 at any point in the relevant time period before the filing of his complaint. It will therefore not dismiss his case. However, the court admonishes Mr. Breda all filings must be truthful and accurate, and future inaccuracies or misrepresentations may result in the imposition of sanctions.

### IV. Conclusion

For the foregoing reasons, Mr. Breda has demonstrated he is unable to pay the costs associated with his suit. His motion to proceed *in forma pauperis* is therefore granted.

/s/ Thomas O. Farrish
Hon. Thomas O. Farrish
United States Magistrate Judge