UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ANDREW JOHN BREDA, JR.,
    Plaintiff,

v.                                             Case No. 3:24-CV-1031 (OAW)

JOHN DOE, et al.,
    Defendants.

## INITIAL REVIEW ORDER

Self-represented Plaintiff Andrew John Breda, Jr., a pretrial detainee, has filed a Complaint naming two defendants, John Doe and Jane Doe. Plaintiff does not assert any claims or seek any relief.

The Prison Litigation Reform Act requires that federal courts review complaints brought by prisoners seeking relief against a government entity or officer or employee of a government entity. 28 U.S.C. § 1915A(a). Upon review, the court must dismiss the complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b).

The court has thoroughly reviewed all factual allegations in the Complaint and conducted an initial review of the allegations therein. The court orders as follows.

**I.**     **FACTUAL BACKGROUND**

The statement of facts consists of a list of medical and mental health conditions. Plaintiff alleges that he suffers from respiratory issues, constant migraines, anxiety, stress, loss of sleep, high blood pressure, and PTSD. Doc. No. 1 at 8.

1

## II.  DISCUSSION

Federal Rule of Civil Procedure 8 requires that the Complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," and "a demand for the relief sought."  Fed. R. Civ. P. 8(a).  This requirement is necessary to provide the defendant "fair notice of what the ... claim is and the grounds upon which it rests." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  The "[f]actual allegations must be enough to raise a right to relief above the speculative level" and assert a cause of action with enough heft to show entitlement to relief and "enough facts to state a claim that is plausible on its face." *Id.* at 555, 570.  A claim is facially plausible if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Although the Federal Rules of Civil Procedure do not require "detailed factual allegations," a complaint must offer more than "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement." *Twombly*, 550 U.S. at 555-57.

It is well-established that submissions of pro se litigants are "reviewed with special solicitude, and 'must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Matheson v. Deutsche Bank Nat'l Tr. Co.*, 706 F. App'x 24, 26 (2d Cir. 2017) (summary order) (quoting *Triestman v. Federal Bureau of Prisons*, 470 F. 3d 471, 474-75 (2d Cir. 2006) (per curiam)); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than

2

formal pleadings drafted by lawyers.'" (internal citations omitted)). This liberal approach, however, does not exempt pro se litigants from the minimum pleading requirements described above; a pro se complaint still must state a plausible claim for relief. *See Mancuso v. Hynes*, 379 F. App'x 60, 61 (2d Cir. 2010) (summary order). Therefore, even where a plaintiff is proceeding pro se, the court may not "invent factual allegations" that the plaintiff has not pleaded. *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010).

Plaintiff merely provides a list of symptoms or conditions, upon which the court presumes Plaintiff attempts to raise a claim for deliberate indifference to medical needs. Plaintiff states that he is a pretrial detainee.[1] Doc. No. 1 at 2. Thus, his claim for deliberate indifference to medical needs is cognizable under the Fourteenth Amendment. *See Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017) (deliberate indifference claims of pretrial detainees are governed by the Fourteenth Amendment while claims of sentenced inmates are governed by the Eighth Amendment).

To demonstrate the required constitutional deprivation to state a Fourteenth Amendment claim for deliberate indifferent to serious medical or mental health needs, a detainee must allege facts showing that his medical or mental health need was "sufficiently serious." *See Salahuddin v. Goord*, 467 F.3d 263, 279 (2d Cir. 2006) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). This inquiry "requires the court to examine

---

[1] Plaintiff states that he is a pretrial detainee. Records available on the Department of Correction website indicate that Plaintiff was most recently admitted to custody on April 1, 2024, on a charge of violation of probation or conditional discharge. *See* www.ctinmateinfo.state.ct.us/detailsupv.asp?id_inmt_num=298554 (last visited August 8, 2024). Thus, the court presumes that Plaintiff's claim concerns medical treatment since April 1, 2024. However, Plaintiff indicates that Defendant Jane Doe works at Osborn Correctional Institution. Doc. No. 1 at 3. If Plaintiff is intending to assert a claim arising during a time when he was a sentenced prisoner, his claim would be cognizable under the Eighth, not the Fourteenth Amendment.

how the offending conduct is inadequate and what harm, if any, the inadequacy has caused or will likely cause the prisoner." *Id.* A "sufficiently serious" deprivation can exist if the detainee suffers from an urgent medical condition that can cause death, degeneration, or extreme or chronic pain. *See Brock v. Wright*, 315 F.3d 158, 162-63 (2d Cir. 2003); *Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996). A medical condition may not initially be serious, but may become serious because it is degenerative and, if left untreated or neglected for a long period of time, will "result in further significant injury or the unnecessary and wanton infliction of pain." *Harrison v. Barkley*, 219 F.3d 132, 136-37 (2d Cir. 2003). The United States Court of Appeals for the Second Circuit has identified several factors that are "highly relevant" to the question of whether a medical condition is sufficiently serious, including "an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects the individual's daily activities; or the existence of chronic and substantial pain." *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998). The first part of the deliberate indifference standard is the same under the Eighth and Fourteenth Amendments. *See Darnell*, 849 F.3d 17, 34-35.

Under the Fourteenth Amendment, the conduct of the defendant is considered objectively. "[T]he pretrial detainee must prove that the defendant-official acted intentionally to impose the alleged condition, or recklessly failed to act with reasonable care to mitigate the risk that the condition posed to the pretrial detainee even though the defendant-official knew, or should have known, that the condition posed an excessive risk to health or safety." *Id*. Negligence is insufficient to satisfy this component. *Id*. at 36

(detainee must show that defendant acted recklessly or intentionally, not merely negligently). Distinguishing between negligent and reckless medical care is difficult when the court considers only the allegations in the complaint. *See King v. Falco*, No. 16-cv 6315 (VB), 2018 WL 6510809, at *9 (S.D.N.Y. Dec. 11, 2018) (citation omitted). Courts frequently consider the "degree of risk associated with negligent treatment," and have found reckless conduct where the plaintiff did not receive treatment for a documented injury. *Id*. (citing cases).

Plaintiff includes only a list of symptoms or conditions in his Complaint. He does not allege facts showing that his symptoms or conditions rise to the level of a serious medical need, that he sought treatment from either defendant, when he sought treatment, or that any treatment they may have provide was inadequate. Thus, Plaintiff fails to state a plausible claim for relief and the Complaint is dismissed without prejudice.

If Plaintiff wishes to pursue a claim for deliberate indifference to his medical needs, he must allege facts stating a plausible claim for relief. He must allege facts showing that his medical need was sufficiently serious and that the defendants were aware of and intentionally or recklessly disregarded that need. Additionally, before this case can proceed to service, Plaintiff must identify at least one defendant by name.

## **ORDERS**

Pursuant to 28 U.S.C. § 1915A(b)(1), Plaintiff's Complaint is **DISMISSED without prejudice** for failure to state a plausible claim for relief. If Plaintiff wishes to pursue a Fourteenth Amendment claim for deliberate indifference to medical needs, he may file an Amended Complaint. An amended complaint, if filed, would completely

5

replace the original complaint, and the court will not consider any allegations made in the original complaint in evaluating any amended complaint. Any Amended Complaint must identify a proper defendant by name, include factual allegations supporting the elements of the claim as described above, and be filed within **twenty days** from the date of this order. If no Amended Complaint is timely filed, the Clerk of Court is directed to please close this case.

**IT IS SO ORDERED** at Hartford, Connecticut, this 9th day of August, 2024.

                                                /s/
                                  Omar A. Williams
                                  United States District Judge